1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KHARY J. COOK,                           No. 2:22-cv-0015-TLN-EFB P

12            Plaintiff,

13        v.                                  ORDER

14   SOLANO COUNTY SHERIFF'S
     DEPARTMENT, et al.,
15
             Defendants.
16

17

18        Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42

19   U.S.C. § 1983.  In addition to filing a complaint and an amended complaint, plaintiff has filed an

20   application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

21                        Request to Proceed In Forma Pauperis

22        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).[1]

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26

27        [1] Therefore, the court withdraws its February 9, 2022 findings and recommendations (ECF
     No. 6) to dismiss this action because of plaintiff's failure to submit a complete application for
28   leave to proceed in forma pauperis.

                                          1

1

<u>Screening Standards</u>

2      Federal courts must engage in a preliminary screening of cases in which prisoners seek

3  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7  relief."  *Id.* § 1915A(b).

8      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10  plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15  U.S. 662, 679 (2009).

16      To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18  action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19  a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20  678.

21      Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23  content that allows the court to draw the reasonable inference that the defendant is liable for the

24  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28  /////

1                                                          Screening Order

2          The court has reviewed plaintiff's amended complaint (ECF No. 7) (which supercedes the

3   original) pursuant to § 1915A and finds that the allegations are not sufficient to state a proper

4   claim for relief.  Plaintiff's amended complaint alleges that plaintiff does not receive timely

5   responses to his inmate grievances and that his claims under California's Tort Claims Act are not

6   properly processed.  ECF No. 7 at 10, 11.  A third claim for relief, ostensibly brought as an

7   Eighth Amendment claim, relates to the handling of, and investigation into, a grievance plaintiff

8   filed about "DNA" in his Cheerios.  *Id.* at 12.

9          Plaintiff's claims cannot proceed because there are no constitutional requirements

10  regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th

11  Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his

12  appeals does not violate due process because prisoners lack a separate constitutional entitlement

13  to a specific prison grievance system).  Thus, plaintiff may not impose liability on a defendant

14  simply because he played a role in processing plaintiff's appeals or because the appeals process

15  was otherwise rendered unfair.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an

16  administrative "grievance procedure is a procedural right only, it does not confer any substantive

17  right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the

18  procedural protections envisioned by the fourteenth amendment." (internal quotations omitted)).

19  Accordingly, the complaint is dismissed with leave to amend.

20         As for any conditions of confinement violation under the Eighth Amendment, extreme

21  deprivations are required to make out such a claim, and only those deprivations denying the

22  minimal civilized measure of life's necessities can form the basis of an Eighth Amendment

23  violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  With regard to food, the Eighth

24  Amendment is not implicated if prison food fails to be "tasty or aesthetically pleasing," but only

25  if inadequate "to maintain normal health."  *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.

26  1993).  If plaintiff wishes to pursue an Eighth Amendment claim regarding the adequacy of his

27  meals, he may attempt to so in any amended complaint.

28  /////

                                                            3

Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at  607.  Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 9) is granted;

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Solano County Sheriff filed concurrently herewith;

/////

/////

/////

/////

4

3.  The February 9, 2022 findings and recommendations (ECF No. 6) are withdrawn;

4.  Plaintiff's amended complaint (ECF No. 7) is dismissed with leave to amend within 30 days of service of this order; and

5.  Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Dated: March 16, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE